IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

DIRK BURCHARD                                                                                                    PETITIONER
Reg #20705-021

V.                          Case No. 2:24-CV-00160-BSM-BBM

CHAD GARRETT, Warden
FCI Forrest City-Low                                                                                          RESPONDENT

### RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

I.      INTRODUCTION

On August 26, 2024, Dirk Burchard ("Burchard"), a prisoner incarcerated at the Federal Correctional Institution in Forrest City, Arkansas ("FCI Forrest City-Low"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In his Petition, Burchard alleges that the Bureau of Prisons ("BOP") refuses to accommodate his dyslexia in accordance with the First Step Act ("FSA"). Burchard is currently serving a sentence for violations of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252(A)(b)(2). *See* (Judgment, *United*

*States v. Dirk Allen Burchard*, 4:15-cr-00205-LGW-GRS-1 (S.D. Ga. Dec. 14, 2016) (ECF. No. 35)). For the reasons explained below, Burchard's claims are not cognizable in a § 2241 habeas action. Accordingly, it is recommended that Burchard's Petition, (Doc. 1), be dismissed without prejudice for lack of subject matter jurisdiction.

## II.  DISCUSSION

### A.  Habeas Corpus

Habeas Corpus is the exclusive remedy when a claim "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). If a prisoner is not challenging the validity of his criminal conviction or sentence or the duration of his confinement, a writ of habeas corpus is not the proper remedy. *Spencer v. Haynes*, 774 F.3d 467, 469–70 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("Where [a] petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state [or federal] custody, the district court lacks the power or subject matter jurisdiction to issue a writ.").

All habeas corpus petitions are subject to preliminary review; if, considering the petition and any attached exhibits, it "plainly appears . . . that the petitioner is not entitled to relief in the district court, the judge *must* dismiss the petition." RULES GOVERNING § 2254 CASES IN THE UNITED STATES DISTRICT COURTS, Rule 4 (emphasis added); *see also* Rule 1(b) (§ 2254 Rules may be applied to other habeas corpus petitions). Thus, a judge must *sua sponte* dismiss a petition if the Court lacks jurisdiction.

### B.     First Step Act

In late 2018, the FSA was enacted into law, ushering in a number of changes to federal inmate programming. As part of the FSA, Congress directed the Attorney General to develop a risk and needs assessment system to appropriately direct programming and programming incentives by "determin[ing] the recidivism risk of each prisoner" and classifying "each prisoner as having minimum, low, medium, or high risk for recidivism[.]" 18 U.S.C. § 3632(a); *see also* 18 U.S.C. § 3631. The FSA also included the creation of an evidence-based recidivism reduction program that incentivizes prisoners to participate in and complete programs and productive activities by allowing certain prisoners to earn "10 days of time credits for every 30 days of successful participation" and allowing prisoners classified as a minimum or low risk of recidivism to earn "an additional 5 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4).

As relevant to the present action, the FSA provides that, "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at the rate described by statute. 18 U.S.C. § 3632(d)(4). Pursuant to "subparagraph (D)," however, "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under," among other things, "Section 2252, relating to certain activities relating to material involving the sexual exploitation of minors," and "Section 2252A, relating to certain activities involving material constituting or containing child pornography." 18 U.S.C. § 3632(d)(4)(D)(xli–xlii). Burchard is serving

a sentence for a conviction under both sections; accordingly, Burchard is serving a disqualifying sentence under the FSA.

There are other separate incentives in addition to time credits, such as phone and visitation privileges. 18 U.S.C. § 3632(d)(1), (2), & (3). As relevant to Burchard's specific claims, the system shall also be used to "determine the appropriate use of audio technology for program course materials with an understanding of dyslexia," and Congress directed the Attorney General to incorporate "a dyslexia screening program into the System" and "programs designed to treat dyslexia into [FSA programming]." 18 U.S.C. 3632(a)(8), (h).

### C.    Analysis

Here, Burchard does not challenge his conviction or seek a remedy that would result in an earlier release from prison. Instead, Burchard requests the following relief:

> Burchard asks that this court find the Bureau has abused its discretion in interpreting the FSA to empower them with the option to preclude disabled prisoners from FSA programming, and to order the BOP to make all reasonable accommodations available to him, even by Special Purchase Order means, to enable him to work, study, and program equally with the Bureau's non-disabled population.

(Doc. 1 at 6–7). Moreover, Burchard does not allege that his request, *if granted*, would result in a shorter sentence or earlier release from prison. As the Court explained above, even if Burchard participated in FSA programming and received other incentives, his conviction disqualifies him from receiving time credits. Accordingly, federal habeas jurisdiction is lacking. *See Wessels v. Houden*, No. 23-CV-1266 (WMW/ECW), 2023 WL 7169154, at *1 (D. Minn. June 22, 2023) (recommending dismissal of habeas petition

seeking immediate transfer to pre-release custody for lack of federal habeas jurisdiction), *report and recommendation adopted*, 2023 WL 7168926 (D. Minn. Oct. 31, 2023).

### D. Conversion to a Civil Rights Action

The Eighth Circuit has held that a *pro se* habeas petitioner raising a "potentially viable" conditions-of-confinement claim should receive an opportunity to pursue that claim if he so chooses. *Spencer*, 774 F.3d at 471. To the extent that Burchard's Petition challenges the conditions of his confinement, he fails to raise a potentially viable claim.

Claims alleging prison conditions are unconstitutional are properly litigated as civil rights actions under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, § 1983 claims are only cognizable against a state entity. 42 U.S.C. § 1983 (requiring action under color of state law). And *Bivens* actions permit individual-capacity suits for damages against federal officers for a narrow class of constitutional violations. *Bivens*, 403 U.S. at 389 (holding that the Constitution creates a cause of action for money damages).

Burchard is not suing state officers or seeking money damages, so neither § 1983 nor *Bivens* clearly provide Burchard a route to a remedy. Additionally, Burchard's Petition affirmatively disclaims any association with *Bivens*: "This habeas motion . . . is not made to challenge his conviction and sentence, nor his conditions of confinement-pursuant to an action cognizable under Bivens." (Doc. 1 at 1). Without more information, the Court takes no position on any other causes of action that may be available to Burchard.

## III.   CONCLUSION

For the reasons stated above, this court lacks subject matter jurisdiction to consider the claims raised in Burchard's Petition for Writ of Habeas Corpus.

IT IS THEREFORE RECOMMENDED THAT Burchard's § 2241 Petition for Writ of Habeas Corpus, (Doc. 1), be DISMISSED, without prejudice, for lack of subject matter jurisdiction.

DATED this 8th day of November, 2024.

_____
UNITED STATES MAGISTRATE JUDGE